UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

CARLOS ANTONIO GONZALES
GUITY,

     Petitioner,

v.

MARTIN FRINK, et al.,

     Respondents.

No. 6:26-CV-224-H

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Carlos Antonio Gonzales Guity, a native and citizen of Honduras, is one such alien, having illegally entered the United States over five years ago. His habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands his immediate release based on the Fifth Amendment and the APA. Dkt. No. 1.

Gonzales Guity's claims fail on the merits. Procedural due process does not require his release. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Gonzales Guity are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. Gonzales Guity's APA claim fails, too.

Because the legal arguments and facts presented in the petition are either meritless or otherwise indistinguishable from those addressed in the Court's prior decisions denying

relief, "it appears from the application that the applicant or person detained is not entitled"

to a writ of habeas corpus.  28 U.S.C. § 2243.  Thus, while the Court would ordinarily issue

an order to show cause, it exercises its discretion to forgo that step here.  *Id.*; *see Wottlin v.*

*Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).  The petition (Dkt. No. 1) is denied.

## 1.    Background

In June 2021, Gonzales Guity illegally entered the United States.  Dkt. No. 1 at 4.

After entering, he was encountered by U.S. Border Patrol and was placed into removal

proceedings.  Dkt. No. 1-1 at 9.  Immigration officials released Gonzales Guity on his own

recognizance.[1]  *Id.*  In January 2026, he was taken into custody by ICE.  Dkt. No. 1 ¶ 11.

Gonzales Guity is held without bond and neither requested nor received a bond

hearing.  *Id.* ¶ 2.  That is because the Board of Immigration Appeals' opinion in *Matter of*

*Yajure Hurtado* holds that aliens present in the United States without admission must be

detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their

removal proceedings.  29 I. & N. Dec. 216, 220 (BIA 2025).[2]

Gonzales Guity filed a petition for a writ of habeas corpus.  Dkt. No. 1.  The petition

states three claims for relief.  His first two claims contend that his detention violates his

---

[1] Gonzales Guity's release on recognizance is not a form of admission.  *See Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3, *5–*7 (N.D. Tex. Jan. 15, 2026).

[2] On February 18, 2026, the Central District of California purported to vacate *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, No. 5:25-CV-1873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).  But as the Court explained in *Calderon Lopez v. Lyons*, the Central District lacks authority to enter such relief.  813 F. Supp. 3d 692 (N.D. Tex. 2025).  After hearing oral argument on the issue, the Ninth Circuit issued a stay pending appeal of the Central District's class-certification order, final judgment, and post-judgment vacatur of *Yajure Hurtado* on March 31, 2026. *See Maldonado Bautista v. EOIR*, Nos. 25-7958 & 26-1044, Dkt. No. 17 at 4 (9th Cir. Mar. 31, 2026). *Yajure Hurtado* binds immigration judges, meaning it would be "an exercise in futility" to seek a bond hearing.  *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000).  Thus, Gonzales Guity's petition does not present an exhaustion problem.  *Id.*

rights under the Fifth Amendment's Due Process Clause. *Id.* ¶¶ 24–31. His third claim argues that his detention is unlawful under the APA. *Id.* ¶¶ 32–33.[3]

## 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## 3.    Analysis

As noted above, Gonzales Guity raises three claims in his habeas petition. Dkt. No. 1 ¶¶ 24–33. They include two different claims based on the Fifth Amendment and a claim based on the APA. *Id.* The Court has considered whether the Due Process Clause[4] and the

---

[3] At the time of the petition's filing, Gonzales Guity was detained at Eden Detention Center in Eden, Texas. Dkt. No. 1 ¶ 23. ICE's Online Detainee Locator System indicates that he has since been transferred to Diamondback Correctional Center in Watonga, Oklahoma. However, "[p]ersonal jurisdiction and venue are determined at the outset of litigation and are not affected by subsequent events." *Smilde v. Snow*, 73 F. App'x 24, 26 (5th Cir. 2003); *see also Moler v. Wells*, 18 F.4th 162, 166 n.7 (5th Cir. 2021). Thus, the Court retains jurisdiction over Gonzales Guity's petition.

[4] *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez*, 2026 WL 114418; *Garibay-Robledo*, 814 F. Supp. 3d at 754; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

APA[5] entitle illegal aliens to individualized bond hearings in numerous prior cases.  Even so, the Court considers the arguments raised in Gonzales Guity's petition to address whether he is entitled to release on any of his claims.  The answer is no.

> **A.    The Fifth Amendment does not require the government to give Gonzales Guity a bond hearing.**

> **i.        Procedural Due Process**

First is Gonzales Guity's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment.  Dkt. No. 1 ¶¶ 24–31.  He argues that his physical liberty is a "fundamental liberty interest" and that the respondents' actions violate his right to procedural due process.  *Id.* ¶¶ 24, 26.  But he is not entitled to relief.

As an "applicant for admission," Gonzales Guity has "only those rights regarding admission that Congress has provided by statute."  *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative.").  With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission.  "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded."  *Jennings*, 583 U.S. at 297.  No part of the statute "says anything whatsoever about bond hearings."  *Id.*  Accordingly, Gonzales Guity is not entitled to release as a matter of procedural due process.

---

[5] *See, e.g.*, *Garibay-Robledo*, 814 F. Supp. 3d at 760.

Despite this, Gonzales Guity's claim relies instead on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See* Dkt. No. 1 at 13. The *Mathews* test, while common, is not the only tool for resolving procedural due process challenges. The Supreme Court said as much: "[W]e have never viewed *Mathews* as announcing an all embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

The application of *Mathews* to Section 1226 cases is unwarranted. The Supreme Court applied *Mathews* in *Landon v. Plasencia*, emphasizing that is balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." *Id.* (citing 459 U.S. 21, 32–34 (1982)). Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," meriting a level of due process more analogous to that of a citizen. *Landon*, 459 U.S. at 32. In the latter category, aliens "request[] a privilege and [have] no constitutional rights." *Id.*; *Thuraissigiam*, 591 U.S. at 138–39 ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.") (quotation omitted). Critically, aliens who are released into the United States pending removal "are treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139 (internal quotation marks omitted); *see* 8 U.S.C. § 1182(d)(5)(A) (noting that paroled aliens are not admitted and are "dealt with in the same

manner as that of any other applicant for admission to the United States"); 8 C.F.R. § 1.2 (same).

Gonzales Guity was released into the United States just a few years ago. His release was not an admission into the county, and he remains in the United States without admission. Therefore, he is entitled to nothing more than the "limited form of process" that is offered by the respondents under their current deportation policy. *Ladak v. Noem*, 814 F. Supp. 3d 712, 726 (N.D. Tex. 2025). With Section 1225, Congress set the procedural rights afforded aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Gonzales Guity is not entitled to a bond hearing as a matter of procedural due process.[6]

### ii.    Substantive Due Process

Next is Gonzales Guity's substantive due process claim. That doctrine protects "one 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz,* 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is

---

[6] Gonzales Guity relies on a number of decisions from the Southern and Western Districts of Texas that assert aliens in his position are entitled to a bond hearing as a matter of substantive or procedural due process. *See* Dkt. No. 1 at 6–12. In light of the Court's recent decision in *Diaz Patino v. Villegas*, these decisions are unpersuasive. *See* 822 F. Supp. 3d 718, 723–26 & n.5 (N.D. Tex. 2026).

"recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Munoz*, 602 U.S. at 911–12.  To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens."  *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention.  In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings.  In *Demore v. Kim*, the Supreme Court acknowledge that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).  But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process."  *Id.*  Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal."  *Id.* at 528.  It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings."  *Id.* at 526.  Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

**B.      The APA precludes judicial review of Gonzales Guity's claim.**

Gonzales Guity then argues that the respondent's alleged failure to "consider the 'important aspect' of [Gonzales Guity]'s constitutionally protected liberty interests" constitutes "arbitrary and capricious agency action."  Dkt. No. 1 ¶¶ 32–33. Section 704 of the APA states, in no uncertain terms, that "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review."  5 U.S.C. § 704 (emphasis added).  Because Gonzales Guity requests habeas relief

as the remedy for his APA claim, he unwittingly admits that there is, in fact, an adequate remedy outside of the APA.  Moreover, the Supreme Court recently held that "where an alien detainee's claims 'necessarily imply the invalidity of their confinement' these claims must be brought in habeas."  *P.B. v. Bergami*, No. 3:25-CV-2978, 2025 WL 3632752, at \*9 (N.D. Tex. Dec. 13, 2025) (O'Connor, C.J.) (quoting *J.G.G.*, 604 U.S. 670, 672 (2025)). The APA thus does not provide for judicial review of his claim.

**4.    Conclusion**

In short, Gonzales Guity, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A).  *Buenrostro-Mendez*, 166 F.4th at 498.  The Fifth Amendment does not require his release in these circumstances, nor does the APA.  Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on June 16, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE